**Robert Wayne TURNBOW, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14676.**

Court of Criminal Appeals of Oklahoma.

April 23, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Robert Wayne Turnbow, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Rape in the First Degree. He was tried by a jury who found him guilty and assessed his punishment at 40 years imprisonment in the state penitentiary. From the judgment and sentence pronounced in accordance with the verdict of the jury, he appeals.

This is a companion case to Turnbow v. State, Okl.Cr., 451 P.2d 387, decided by this Court on the 26th day of February, 1969, and the evidence adduced on this trial, although supporting a separate and distinct charge of rape from that for which the conviction was affirmed in Turnbow v. State, supra, is so similar, that we deem it unnecessary to reiterate the facts as set forth in that opinion, but incorporate by reference the summary of facts therein contained.

The single question raised in this appeal was also raised in Turnbow v. State, supra, and we are of the opinion that the determination therein made is controlling in the instant case. The defendant urges that since more than one act of sexual intercourse was shown to have occurred between the defendant and the victim on the 26th day of May, 1967, the trial court erred in not requiring the state to elect upon which of the two acts of intercourse it relied for conviction.

In Syllabus 2 of Turnbow v. State, supra, we stated:

"Evidence that the defendant had sexual relations with complaining witness twice in a short period of time, HELD to

constitute only a single offense of rape."[1]

Having carefully examined the record and finding the evidence overwhelmingly supports the guilt of the defendant, the punishment imposed was well within the range provided by law and the record is free of any error which would justify modification or reversal, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.

---

1. Although not raised as an issue in Ramos v. State, Okl.Cr., 445 P.2d 807, this Court treated several acts of intercourse between the prosecutrix and the defendant, Ramos, occurring over a 26 hour period of time, as constituting but a single act of rape.