ROBERTSON, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, wherein Ronnie Edward Smith was indicted, tried and convicted of the June 12, 1980, rape of the 21-year-old prosecutrix.
Smith was sentenced to a term of 30 years in the Mississippi Department of Corrections, with 5 years suspended.
Smith appeals, assigning as error:
The indictment in this case failed to adequately advise the Appellant of the nature and cause of the accusation against him with sufficient certainty, clarity and particularity as is required by Section 26 of the Mississippi Constitution of 1890.
The indictment is drawn in strict conformity with the statute, MCA section 97-3-65(2) (Supp. 1980). Only one act of rape is charged. The contention of Smith is that at the trial, the prosecutrix testified that she was raped twice by Smith, and that the indictment does not specify which act he is being charged with.
The record contains no objection to the indictment on any ground, nor was there any objection to the testimony as to two acts of rape.
In Salisbury v. State, 293 So.2d 434 (Miss. 1974), we said that only where an indictment fails to charge an offense may an objection thereto be made for the first time on appeal.
However, we will consider this assignment of error on the merits.
As the prosecutrix finished studying around 1:00 a.m. on June 12, 1980, and walked down the hall to the bathroom, she noticed Smith coming out of the bathroom toward her bedroom. She ran into her father’s room, screaming that someone was in the house, and as her father began getting up from his bed Smith entered his bedroom and ordered him to remain seated. Defendant, armed with a pistol, bound and gagged her father and ordered prosecutrix and her 4-year-old son into her bedroom.
Defendant then entered the bedroom and, after threatening the child, raped the prose-cutrix. He then got up and went to the other side of the house. He returned shortly thereafter and raped the prosecutrix again. The defendant fell asleep. Police were summoned. They arrested the defendant and seized the weapon. The prose-cutrix was examined around 5:00 a.m. at the University Medical Center. Examination revealed recent sexual intercourse.
Although defendant did not testify at his trial, he did admit when he was arrested that he remembered going to the residence of the prosecutrix, knocking on the door, and when he received no response he entered the house through an open window. He remembered kissing a woman, but did not remember anything further and did not remember having a pistol with him.
In Turnbow v. State, 454 P.2d 674 (Okl. Cr.1969), the Court of Criminal Appeals of Oklahoma rejected the contention that the trial court had erred in not requiring the state to elect between two acts of rape occurring on the same date, and held:
“In Syllabus 2 of Turnbow v. State, supra, we stated:
‘Evidence that the defendant had sexual relations with complaining witness twice in a short period of time, HELD *97 to constitute only a single offense of rape.’ ”
454 P.2d at 675-76.
In Lee v. State, 242 Miss. 97, 134 So.2d 145 (1961), the prosecutrix was raped by two escaped inmates at her home. Holding the evidence of defendant’s accomplice’s act admissible, this Court said:
“Evidence which is material, relevant, and otherwise competent to prove the guilt of the accused in a case of this kind cannot be excluded because it may result in the disclosure of facts relating to the commission of other crimes. And this is especially true when the fact of the commission of such other crime, as in the case that we have here, forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts. [Citing authorities]. (Emphasis added).
“It is generally held that, ‘If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them, cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme.’ [Citing authorities].” (Emphasis added). 242 Miss. at 108-09, 134 So.2d at 150-51.
In the case at bar, two acts of rape occurred on the one occasion that defendant was in the prosecutrix’s home. The time in between the two acts was not more than 10 or 15 minutes. In our opinion, both acts constituted only one single offense. Both constituted a part of the res gestae, were so intermixed and so connected that the two acts form an indivisible criminal transaction. Both were part of the chain of events occurring at the same time and place, and the evidence of one could not be given without evidence of the other. The testimony began with defendant’s unlawful entrance into the home of prosecutrix, proceeded with what happened thereafter, and ended with his arrest at prosecutrix’s home a short time later.
There is no merit in this assignment of error, and the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.