530 So.2d 146 (1988)
Leonardo BROCK
v.
STATE of Mississippi.
No. 57662.
Supreme Court of Mississippi.
August 3, 1988.
Rehearing Denied August 24, 1988.
*148 Jack R. Jones, III, Taylor, Jones, Alexander, Greenlee, Seale & Ryan, Southaven, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and GRIFFIN, JJ.
SULLIVAN, Justice, for the Court:
Leonardo Brock was tried and convicted of robbery with a deadly weapon. The jury being unable to affix a penalty, Brock was sentenced by the trial judge to a mandatory term of ten (10) years in the custody of the Mississippi Department of Corrections, to be served consecutively with his prior conviction of kidnapping. Aggrieved at the decision of the Circuit Court of DeSoto County, Mississippi, Brock now files this appeal.
Brock was previously convicted for this crime, but that conviction was reversed. For a narrative of the facts as they were given by Presiding Justice Hawkins see Brock v. State, 483 So.2d 358 (Miss. 1986).

I.

DID THE TRIAL COURT ERR IN OVERRULING BROCK'S MOTION IN LIMINE  B, REFERRING TO EVIDENCE OF "OTHER CRIMES"?
The circumstances surrounding this case involve several crimes only one of which was Brock on trial for, armed robbery. Prior to the trial, Brock filed a motion in limine to exclude evidence of, or reference to, the alleged rape of his victim. The evidence was ruled admissible by the trial judge.
Brock now argues that allowing the evidence of the alleged rape was error on the basis that the crime of rape is separate from the crime of armed robbery for which he is on trial and therefore, has no probative value. Eubanks v. State, 419 So.2d 1330 (Miss. 1982), is the only support cited by Brock and his reliance upon Eubanks is misplaced. We have noted that, as a general rule, evidence of other crimes separate from that for which the defendant is on trial is inadmissible but that the rule has many exceptions. Eubanks v. State, 419 So.2d 1330, 1331 (Miss. 1982).
This case is clearly an exception because the offenses are so interconnected that it is impossible to separate them. As we said in Brown v. State, 483 So.2d 328, 330 (Miss. 1986):
Evidence of a prior criminal activity on the part of one criminally accused is inadmissible where the prior offense has not resulted in a conviction. Tobias v. State, 472 So.2d 398, 400 (Miss. 1985); Donald v. State, 472 So.2d 370, 372 (Miss. 1985); Hughes v. State, 470 So.2d 1046, 1048 (Miss. 1985); West v. State, 463 So.2d 1048, 1051-52 (Miss. 1985); Tucker v. State, 403 So.2d 1274, 1275 (Miss. 1981); Sumrall v. State, 257 So.2d 853, 854 (Miss. 1972). We have held, however, that the State has a "legitimate interest in telling a rational and coherent story of what happened... ." Turner v. State, 478 So.2d 300, 301 (Miss. 1985); Neal v. State, 451 So.2d 743, 759 (Miss. 1984). Where substantially necessary to present to the jury "the complete story of the crime" evidence or testimony may be given even though it may reveal or suggest other crimes. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964).
We most recently repeated these principles in Shaw v. State:
... such evidence is admissible where offenses are so interrelated as to constitute a single occurrence or closely related occurrences; where the separate offense is material to prove motive and is *149 apparently connected to that which is charged; ... Where evidence of another crime forms part of a transaction of which the crime charged is so intimately connected therewith that one cannot be proven without some proof of the other, the evidence is admissible. Page v. State, 369 So.2d 757 (Miss. 1979).
Shaw v. State, 513 So.2d 916, 918 (Miss. 1987).
Finally, in Brock v. State, 483 So.2d 358, 362 (Miss. 1986), this Court held on the same facts that the entire proof presented in the record was relevant to and admissible as to the kidnapping offense. It would therefore be relevant and admissible as to the armed robbery offense.
This assignment is without merit.

II.

DID THE TRIAL COURT ERR IN FAILING TO SUSTAIN THE MOTION TO DISMISS ON A PLEA OF DOUBLE JEOPARDY?
Brock contends that his kidnapping conviction arose from the same facts and circumstances as the present appeal. See Brock v. State, 483 So.2d 358 (Miss. 1986). Prior to trial, Brock filed a "Motion to Dismiss," arguing that his former conviction of kidnapping constitutes the basis for a plea of double jeopardy. He contends that the kidnapping conviction would serve as a bar to prosecution for robbery with a deadly weapon first, because the facts and circumstances were the same for each case, second, that the two offenses are the same in law and fact, and third, that kidnapping is a lesser included offense for armed robbery.
This assignment is controlled by the principles set forth in Smith v. State, 429 So.2d 252 (Miss. 1983). Smith was appealing a burglary conviction which arose from the same set of facts which had resulted in a prior conviction of rape. See Smith v. State, 405 So.2d 95 (Miss. 1981). Smith argued that the conviction on the burglary charge exposed him to double jeopardy. After a detailed analysis of Mississippi case law, U.S. Supreme Court decisions and law from other jurisdictions, this Court held that the prosecution was justified, legally and constitutionally, in indicting, trying, and convicting Smith of both offenses even though the testimony in both trials was essentially the same because the essential elements of the crimes in each statute were different. The court noted the applicable law on this question as follows:
The bellwether case applicable to the question before us is Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In that case the charges grew out of an essentially same set of facts that resulted in multiple indictments and convictions regarding the sale of narcotics. The court, through Mr. Justice Sutherland, set out the primary principle involved in problems such as that now before us. There it was stated:
Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statute provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 55 L.Ed. 489, 490, 31 S.Ct. 421 [422], and authorities cited. In that case this Court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Com., 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
(284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309).
In the recent case of United States v. Cowart, 595 F.2d 1023 (5th Cir.1979), the Fifth Circuit Court reiterated the rule in Blockburger and stated:
To determine whether defendant was subject to multiple punishment for *150 the same offense, we look to the leading case of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the Supreme Court of the United States formulated the applicable standard.
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. (Citations omitted).
This standard frequently has been referred to as the "same evidence" test; however, the Blockburger test looks not to the evidence adduced at trial but focuses on the elements of the offense charged. Brown v. Ohio, 432 U.S. [161] at 166, 97 S.Ct. [2221] at 2225 [53 L.Ed.2d 187 (1977)] (Blockburger test emphasizes the elements of the two crimes); Iannelli v. United States, 420 U.S. 770, 785, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975), ("If each [offense] requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."); United States v. Dunbar, 591 F.2d 1190, 1193 (5th Cir.1979) ("Application of the [Blockburger] test focuses on the statutory elements of the offenses charged.")
Smith v. State, 429 So.2d 252, 253-54 (Miss. 1983).
It is clear from the applicable statutes that the crimes of armed robbery and kidnapping require different elements of proof:
§ 97-3-79. Robbery  use of deadly weapon.
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery ...
§ 97-3-53. Kidnapping  capital punishment authorized.
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, ...
There is no merit to Brock's double jeopardy claim.

III.

DID THE TRIAL COURT ERR IN ALLOWING INTO EVIDENCE CERTAIN HEARSAY STATEMENTS?
Thomas Pierce testified during trial as follows:
My partner stopped the truck, and he got out. I slid out. And she was upset. She said she had been raped and shot.
Brock objected on the basis of hearsay. The objection was initially sustained but was later overruled after Pierce testified that the statement was made in the presence of Brock. Pierce also testified that after the victim told them she had been raped and shot that she pointed at Brock and said "And that's the man that did it right there." No objection was made by defense counsel to this statement.
The original rule regarding this question was announced in Anderson v. State, 82 Miss. 784, 788, 35 So. 202, 203 (1903), wherein we held:
Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she had been ravished.
In Cunningham v. State, 467 So.2d 902, 906 (Miss. 1985), this Court modified that rule as follows:
We are of the opinion that the rule in Anderson should be modified so that when a prosecutrix states the name of her attacker, and the statement appears to be spontaneous and without indication of manufacture, it should be received in *151 evidence as an exception to the hearsay rule. We therefore modify the opinion in the Anderson case accordingly.
The statements were admissible under the original Anderson rule and are clearly admissible under the rule as modified by Cunningham. The statements were spontaneous.
The victim had just emerged from the woods where she had been shot. It is unlikely that a statement made under those circumstances was manufactured. Further, Mississippi Rules of Evidence, Rule 803(2) provides an exception for an excited utterance described as "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
Pierce's testimony was admissible as a hearsay exception. This assignment is without merit.

IV.

DID THE TRIAL COURT ERR IN ALLOWING INTO EVIDENCE CERTAIN DOCUMENTS WHICH WERE NOT PROVIDED IN 4.06 DISCOVERY REQUEST?
The evidence description list was received into evidence during the testimony of M.J. Montgomery and used by Montgomery to refresh his memory. Montgomery was an agent with the Mississippi Bureau of Narcotics and often delivered evidence from law enforcement officers to the Mississippi Crime Lab in Batesville. Montgomery's testimony was used to authenticate and identify the bullet fragments taken from the victim's body. Defense counsel objected to the "evidence description list" on the grounds of hearsay and Rule 4.06, Uniform Criminal Rules of Circuit Court Practice.
Defense counsel claimed that the list had never been provided by the State as required by Rule 4.06 and, therefore, the evidence should have been excluded.
The prosecution contends that the list was provided to the defense and that even if it was not, the point is irrelevant since defense counsel filed no written discovery in this case.
Under the rule and the case law, a discovery request must be made in writing in the absence of a discovery order.
We recognize that local practices have heretofore varied from county to county and from district to district. We recognize that there are indeed some areas of the state where criminal discovery matters are handled verbally. Certainly nothing said here is intended to discourage lawyers from proceeding on the basis of trust and confidence in each other's integrity. Nevertheless, to avoid the problems which have arisen in this case and of which we have been made aware in cases around the state, and in the absence of a discovery order, we hold that, in order to be enforceable under Rule 4.06, the discovery request must be made in writing.
Morris v. State, 436 So.2d 1381, 1387-88 (Miss. 1983).[1]
No discovery order was entered on this record. This is exactly the situation which exhibits the practicality of the Morris rule. Because the prosecution contends the list was provided and the defense contends it was not it is impossible for this Court to determine who is mistaken in the absence of written discovery.
Brock further assigns as error the use of his prior conviction for impeachment purposes because the prior conviction was not provided pursuant to Rule 4.06. Again, absent a discovery order and a written request, this argument fails. The prosecution argues that even if the court should hold that the written discovery in Brock's prior trial is binding in the subsequent trial the argument still fails because subsection (3) of Rule 4.06 was not added to the rule until after Brock's first trial and, therefore, the prosecution was not required to produce *152 that information. If the discovery request at the first trial is binding upon this trial, then the State would have to comply with the rule as amended. However, we are of the opinion that requests for written discovery in the prior trial do not carry over to the new trial and, because there was no written request in the second trial, this assignment of error must fail.

V.

DID THE TRIAL COURT ERR IN NOT ALLOWING THE DEFENSE ATTORNEY TO USE A PRIOR STATEMENT OF A WITNESS FOR CROSS-EXAMINATION?
After the prosecution's direct examination of the victim, defense counsel made a request for copies of any statement she may have made for cross-examination purposes. The request was made pursuant to Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice. The court reviewed the statements in camera and found no material inconsistencies with the in court testimony of the victim. The statements were sealed for review by this Court.
We have reviewed the statements and we are satisfied neither statement was substantially inconsistent with the in court testimony of the victim. In light of this, and the discretion afforded a trial judge on these questions, this assignment is without merit.
It would have been better practice for the trial court to have followed the concurring opinion in Barnes v. State, 471 So.2d 1218 (Miss. 1985), in which Justice Anderson suggested a proposed new rule 4.06 on discovery.
I ... would amend the opening provisions of Rule 4.06 to read:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test and photograph upon request and without further order the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written or unwritten, recorded or otherwise preserved, of each such witness; ... [proposed new language underlined]
Barnes v. State, 471 So.2d 1218, 1222 (Miss. 1985) [Anderson concurring].[2]
We are of the opinion that it is not error in this case, but that after the publication of this case, Rule 4.06 should be amended to comply with Justice Anderson's concurring opinion in Barnes as five members of this Court joined in that opinion.

VI.

DID THE TRIAL COURT ERR IN GRANTING STATE'S JURY INSTRUCTIONS S-1, S-2 AND C-1?
Instruction S-1 reads as follows:
The Defendant, LEONARDO BROCK, has been charged with the crime of Robbery with a Deadly Weapon.
If you find from the evidence in this case beyond a reasonable doubt that:
(1) A 1976 Chevrolet Monte Carlo automobile, Vehicle Identification Number IH57V6R406180 was the personal property of Jacqueline Dennis' father, Mr. Manzie Dennis; and
(2) LEONARDO BROCK took the 1976 Chevrolet Monte Carlo automobile from the presence of Jacqueline Dennis by putting Jacqueline Dennis in fear of immediate personal injury by the exhibition of a deadly weapon, to-wit: a 22 caliber pistol; and
(3) That said taking was against the will of Jacqueline Dennis, then you shall find the Defendant, LEONARDO BROCK, guilty of Robbery with a Deadly Weapon.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
*153 Brock argues that the record contains no proof that he took anything from the victim's presence and, therefore, the granting of Instruction S-1 constituted error. This assignment is controlled by our decision in Cooper v. State, 386 So.2d 1115, 1116 (Miss. 1980), and is therefore without merit.
Instruction S-2 reads as follows:
Flight is a circumstance from which guilty knowledge and fear may be inferred. If you find from the evidence in this case beyond a reasonable doubt that LEONARDO BROCK did flee from the scene of the crime, the flight of LEONARDO BROCK is to be considered in connection with all other evidence in this case. You will determine from all of the facts whether the flight was from a conscious sense of guilt or whether it was caused by other things, and give it such weight as you think it is entitled to in determining the guilt or innocence of LEONARDO BROCK.
Brock contends that the granting of this instruction was error because he explained his departure. See Pannell v. State, 455 So.2d 785 (Miss. 1984). We point out that, on the facts of this case, flight would be highly probative. It is equally clear from Brock's "version" that he explained his flight; however, his explanation is contradicted and has no support outside his own testimony. The case simply does not support Brock's argument.
Brock further complains that the court erred in giving instruction C-1 which provides:
Members of the jury, evidence has been offered by the State that the defendant committed crimes against Jacqueline Dennis, other than that of armed robbery. The defendant is on trial for the offense of armed robbery and that offense only. You cannot convict the defendant in this case unless the State has proven beyond a reasonable doubt each and every element of armed robbery as set out in Instruction S-1.
Instruction C-1 was highly proper in that it was necessary to remind the jury that Brock was being tried for armed robbery only. Had this instruction not been given, its refusal would have constituted a reversible error. The instruction does not, as Brock argues, assume that the allegations are true. It merely notes that evidence has been offered that Brock committed other crimes.
No objection was made to the court's instructions. Therefore, the matter is not properly before this Court. Brock is barred from complaining of this instruction on appeal. Gray v. State, 487 So.2d 1304 (Miss. 1986). This assignment is without merit.

VII.

DID THE TRIAL COURT ERR IN REFUSING TO GRANT INSTRUCTION D-1C?
Brock requested an instruction on the lesser included offense of aggravated assault and argues that the court's refusal to give the instruction constituted reversible error. Brock bases this argument solely on his contention that there was no taking from the presence of the victim. We have already disposed of the fallacy of this argument, and there is no merit to this assignment.

VIII.

DID THE TRIAL COURT ERR IN FAILING TO SUSTAIN THE APPELLANT'S MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF ALL PROOF, REQUEST FOR PEREMPTORY INSTRUCTION, AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT?
Brock argues that the proof in this case failed to establish a case of armed robbery, and that it was error for the trial judge to deny (1) his motion for directed verdict at the conclusion of the evidence, (2) his request for a peremptory instruction, and (3) his motion for judgment notwithstanding the verdict. The correct rule regarding directed verdicts and peremptory instructions is:
In passing on motions for directed verdicts and requests for peremptory instructions *154 of not guilty, all evidence on behalf of the State is taken as true, together with reasonable inferences that may be drawn therefrom, and, if there is sufficient evidence to support a verdict of guilty, the motion for directed verdict must be overruled and the peremptory instruction must be denied. Barker v. State, 463 So.2d 1080 (Miss. 1985); Shelton v. State, 445 So.2d 844 (Miss. 1984); Wilks v. State, 408 So.2d 68 (Miss. 1981); Bayse v. State, 420 So.2d 1050 (Miss. 1982).
Gill v. State, 485 So.2d 1047, 1049 (Miss. 1986).
Furthermore we point out that:
As for a judgment notwithstanding the verdict, the Court is "not at liberty to direct that the defendant be discharged short of a conclusion ... that given the evidence, taken in the light most favorable to the verdict, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983).
Temple v. State, 498 So.2d 379, 381 (Miss. 1986).
It is clear in light of the preceding law that the trial judge properly overruled the above motions.

IX.

DID THE LOWER COURT ERR IN NOT GRANTING A MISTRIAL DUE TO PREJUDICIAL CLOSING ARGUMENTS OF THE PROSECUTOR?
During closing arguments the prosecutor made the following comments:
But then what did he tell you about Acue Wicks? He said, "Acue Wicks is about my age, 31 or 32, and his son is a bondsman." And I submit to you, ladies and gentlemen, that is a boldfaced lie. If Acue Wicks was 31 or 32 years old and he had a son who was old enough to be a bondsman and drive a car, I'm telling you that Acue Wicks and that son would have been down here under subpoena to tell you that themselves.
The trial judge sustained Brock's objection to the remarks, but overruled his motion for a mistrial. The jury was not admonished as requested by Brock, and Brock now assigns this as error.
Prosecutorial comments on a defendant's failure to call witnesses on his own behalf have constituted reversible error in Griffin v. State, 504 So.2d 186, 193-194 (Miss. 1987); Madlock v. State, 440 So.2d 315 (Miss. 1983); Collins v. State, 408 So.2d 1376 (Miss. 1982); and Morgan v. State, 388 So.2d 495 (Miss. 1980).
The general rule as to commenting on the failure of a party to produce or examine a witness is stated in Phillips v. State, 183 So.2d 908 (Miss. 1966), wherein this Court said:
"We held in Brown v. State, 200 Miss. 881, 27 So.2d 838 (1946), that the failure of either party to examine a witness equally accessible to both is not a proper subject for comment before a jury by either of the parties." 183 So.2d at 911.
Morgan v. State, 388 So.2d 495, 497-98 (Miss. 1980).
During closing argument in Collins, the prosecutor commented on the defendant's failure to call witnesses, and several objections to such comments were sustained and the jury admonished. The prosecutor also made several improper comments during the course of that trial. This Court reversed, finding that the cumulative effect of the prosecutor's behavior was to prejudice the jury against the defendant. Collins at 1380.
This Court also found error in the following statements made by the prosecutor during closing argument in Morgan v. State:
The district attorney in his closing argument should not have argued:
"Where is this pie in the sky person named Pieshot? Why has the person named Pieshot not come forward to testify today for the defendant?"
Morgan v. State, 388 So.2d 495, 498.
In both the above cases the court noted that the evidence was close as to intent in Morgan and as to guilt in Collins. In Collins the court noted that the jury is *155 more likely prejudiced in such a case. Collins at 1380.
When we consider the substantial evidence of Brock's guilt, the fact that the trial judge sustained the objection to the improper statement but did not admonish the jury when requested to do so, and the applicable case law, we reach the inescapable conclusion that the comment of the prosecutor, while clearly error, was harmless.
Brock further argues that the following statement made by the prosecutor during closing arguments warrants reversal under Acevedo v. State, 467 So.2d 220 (Miss. 1985):
Do you remember I said there's been a lot of criticism about the courts, about the system being soft on crime, about the courts turning guilty people loose on technicalities? And that's exactly what Mr. Jones is trying to get you to do, on a technicality. It makes me absolutely sick to my stomach to see these guilty defendants being turned loose on technicalities. And I can understand why there is outrage from the citizenry of this country.
An objection was made and the trial judge warned the prosecutor as follows, "I will restrict argument to matters that's in evidence and logical inferences that can be drawn from those matters in evidence." Brock's subsequent motion for mistrial was overruled. Brock's reliance on Acevedo is misplaced. The misconduct in Acevedo was the prosecutor's comments, for impeachment purposes, that a witness' relatives and friends had prior convictions, comments on the sentences received by the defendant on prior convictions, and discussion during closing argument of the grand jury proceedings resulting in Acevedo's conviction. Acevedo v. State, 467 So.2d 220 (Miss. 1985).
Furthermore, the defense counsel never requested that the jury be admonished. This Court has held that "where an objection to a question is sustained and no request is made that the jury be instructed to disregard the question, there is no error." Gardner v. State, 455 So.2d 796, 800 (Miss. 1984). The same rationale applies to objections made during closing argument unless a fundamental right is clearly involved. This assignment has no merit.
CONVICTION OF ROBBERY WITH A DEADLY WEAPON AND MANDATORY SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO BE SERVED CONSECUTIVELY WITH HIS PRIOR CONVICTION OF KIDNAPPING ARE THEREFORE AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] Note that this case was tried in 1986; Morris' application is prospective only. Morris v. State, 436 So.2d 1381, 1388 (Miss. 1983).
[2] The language to which he refers is that portion of the rule that provides for in camera inspection of prior statements.