551 So.2d 104 (1989)
Mark PORTER
v.
STATE of Mississippi.
No. 58111.
Supreme Court of Mississippi.
February 15, 1989.
Rehearing Denied October 11, 1989.
Jeffrey A. Varas, Hazlehurst, for appellant.
Mike Moore, Atty. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is a criminal appeal from the Circuit Court of Copiah County. Mark Porter *105 (Porter) was indicted for the murder of Tommy Young (Young). A jury found Porter guilty of the lesser included offense of manslaughter. Thereafter, the court sentenced Porter to serve a term of twenty years in the custody of the Mississippi Department of Corrections. We affirm the judgment of the circuit court.

FACTS
The factual scenario is familiar. Early on Sunday morning, November 3, 1985, Young and Porter were engaged in an argument in the parking lot of the Claridge Inn in Hazlehurst, Mississippi. Young was killed by a bullet fired from Porter's .357 Magnum. Porter's defense was that the gun fired "accidentally" during a scuffle with Young. According to Porter, the gun, which had been resting in his lap, fell to the floorboard during the scuffle and discharged. Witnesses to the shooting testified that Porter intentionally shot Young without provocation. Porter assigns thirteen errors by the trial court. Only one has any merit and deserves discussion by the Court. In the end, we hold the error harmless, but address important questions respecting the nature and extent of discovery.

I.

DID THE TRIAL COURT ERR IN REFUSING TO ALLOW PORTER TO INSPECT AND COPY ALL WITNESSES' STATEMENTS IN THE STATE'S POSSESSION?
In accordance with Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice, Porter requested "any and all exculpatory material, including but not limited to, oral or recorded statements of persons having knowledge of the facts and circumstances of the offense charged." The statements were submitted to the court for in camera inspection, rather than to Porter. Initially, the court determined that none of the statements were exculpatory, but prior to cross examination of state witnesses Amy and David Scott, Porter was provided a copy of their earlier statements. Porter contends that because the remaining statements may have contained additional exculpatory material, the state was obligated to provide those statements and the trial court erred in failing to require the disclosure.
Four eye-witnesses, Wanda Morris, Kenneth Carraway, Lori Newsom and Terry L. Smith, made statements on the morning of the crime which were consistent with Porter's defense of an accidental shooting. At trial, Morris' and Carraway's testimony was inconsistent with their earlier statements. Newsom's trial testimony also varied from her earlier statement. Thus, they could have been impeached at trial. Smith did not testify at trial, but had reported to authorities that Young reached in the truck and grabbed Porter at which point the gun fired.
These statements may or may not have been exculpatory, but regardless, the defense may have been able to use them in some form or fashion in Porter's defense. After reviewing the record, including the statements, we find that the trial court's denial of them, while error, was harmless. If Porter had known the content of the statements, the outcome of the trial would have been the same. The evidence of guilt was overwhelming and more than sufficient to sustain the jury's verdict.

II.
Despite our holding, we are compelled to address in more detail this discovery issue.
The pertinent language of Rule 4.06 provides:
Upon request of the defendant, the prosecution shall furnish to the court in camera any prior written statements of witnesses. If these materials are found to be materially inconsistent with the witness' testimony, the statements shall be supplied to defense counsel prior to cross-examination.
In Barnes v. State, 471 So.2d 1218 (Miss. 1985), a majority of this Court agreed that the above quoted language should be deleted and a preceding section of Rule 4.06 amended to read:

*106 The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test and photograph upon request and without further order the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written or unwritten, recorded or otherwise preserved, of each such witness; ... . [proposed new language in italics]
We went on to note:
This rule would be subject to the further provisions of Rule 4.06 restricting discovery specifically including the proviso found in the present rule that the court
may deny disclosure authorized by this section if it finds that there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment, resulting from such disclosure, which outweighs any usefulness of the disclosure to defense counsel.
Barnes, 471 So.2d at 1222.
Our rationale in Barnes was three-fold. First, we noted that Rule 4.06 as presently worded is not workable because it contemplates interruption of proceedings to make an in camera inspection of the statement(s), which requires, depending on the number of statements, time consuming and careful perusal in order to detect a discrepancy. Id.
Second, the rule, while designed to "hold to an absolute minimum the risk that a verdict will be the product of surprise or other arbitrary factor", does not adequately protect against trial by ambush. Id. Finally, the inclusion in Rule 4.06 of the restriction on discovery where disclosure would subject another to physical harm, intimidation, etc., acts to insure the countervailing prosecution interests. Id.
In Brock v. State, 530 So.2d 146 (Miss. 1988), this Court unanimously held that henceforth Rule 4.06 was amended to comply with the majority opinion in Barnes, detailed above. While there may have been some doubt concerning the status of the discoverability of potential witnesses' prior statements after our decision in Barnes, any and all doubt was laid to rest in Brock, supra. In light of Brock, we instruct the Supreme Court Advisory Committee on Rules in the State of Mississippi to prepare for publication the amendments to the pertinent portions of Rule 4.06.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.