569 So.2d 1200 (1990)
Randy HUNT
v.
STATE of Mississippi.
No. 07-KA-59249.
Supreme Court of Mississippi.
October 24, 1990.
*1201 David L. Walker, Batesville, for appellant.
Mike C. Moore, Atty. Gen. and John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the Court:
Randy Hunt was indicted and convicted in the circuit court of the First Judicial District of Panola County of aggravated assault following his shotgun shooting and wounding of Allen Ayers in violation of Miss. Code Ann. § 97-3-7(2)(a). Because of the State's refusal to comply with the defense request for copies of written statements of prosecuting witnesses at any time, we reverse.

FACTS
The offense in this case occurred January 10, 1987, and Hunt was indicted March 10. On April 14 defense counsel filed a "Notice to Produce," Paragraph XIII of which requested statements made to law enforcement officers of all persons in connection with this case. The State responded May 13, giving the names and addresses of the State's witnesses, two of whom were Earnest Criddle and his wife Elwanda. Mrs. Criddle was an employee of the drive-in store where the offense occurred, and Mr. Criddle was also there at the time. Both gave a written statement to the deputy sheriff. A copy of their written statement was not furnished the defense, nor was the defense informed the State had any such statement.
At trial the Criddles were the first two witnesses for the State and gave damning testimony against Hunt.
The next witness was J.C. Sexton, the deputy who investigated the offense. He had taken a statement from Hunt, which was introduced into evidence. During cross-examination of Sexton it was revealed for the first time to the defense that Sexton had also taken written statements from the Criddles. He testified he had given their statements to the district attorney, he believed. Defense counsel then made a motion for the State to produce these statements and afford defense counsel "a brief recess to evaluate these statements." The assistant prosecuting attorney representing the State argued the witnesses had been released and the defendant had not brought this to the court's attention before trial. The court ruled as follows:
THE COURT:
I'll overrule the motion for a mistrial. There seems to be a substantial compliance with Rule 4.06; further, that the witnesses have testified, their names are listed as witnesses. It was filed with the court on the 13th of May, 1987.
Quite frankly, I don't know what the Mississippi Supreme Court wants out of Rule 4.06. They have been totally inconsistent in the application of 4.06.

*1202 Apparently, defense counsel has had every opportunity to interview these witnesses prior to trial and determine if they've given statements. And had the Court been alerted by way of a motion before cross-examination to inquire if they had given statements, I would have required them to be furnished under Rule 4.06 prior to trial and determine if they've given statements, I would have required them to be furnished under Rule 4.06 prior to cross-examination.
The written statement or statements were never seen by the circuit judge, or by the defense. Defense counsel in his motion for a new trial assigned error and argued that he was entitled to examine them.

LAW

I. DISCOVERY
The State in its brief makes the best argument for the defense, that because none of the statements are in the record, "it is impossible to determine what the statements related." (Appellee's Brief, p. 11). Ergo, Hunt has demonstrated no harm. The State in this case has the matter precisely backwards. The State at trial and on appeal ignores the reason Hunt has shown no harm, namely: that the State has denied him the one opportunity to do so by examining the written statement or statements. It is certainly true that it is incumbent upon any appellant who wants to claim prejudicial error to make a proper record of trial proceedings, Porter v. State, 564 So.2d 31, 34 (Miss. 1990), but it is equally well settled that an effort to make such record cannot be frustrated by the trial judge. Jones v. State, 306 So.2d 57 (Miss. 1975); Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953). Hunt cannot be faulted in this case for there being no record; the blame rests entirely upon the State.
The trial of this case preceded our holding in Brock v. State, 530 So.2d 146 (Miss. 1988), published August 24, 1988, extending the requirement of the State to produce copies of statements of all witnesses. Prior to Brock, Rule 4.06 of the Rules of Criminal Procedure provided in pertinent part:
... The prosecution shall disclose to each defendant, or his attorney, and permit him to inspect, copy, test, and photograph upon request and without further order the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial....
(2) Copy of any exculpatory material concerning the defendant.
In Hentz v. State, 489 So.2d 1386 (Miss. 1986), a case of refusal by the State to permit defense counsel to examine statements, we noted:
... as a matter of good practice and sound judgment in the trial of criminal cases, prosecuting attorneys should make available to attorneys for defendants all such material in their files and let the defense attorneys determine whether or not the material is useful in the defense of the case. We direct the attention of trial judges to this problem and suggest that they diligently implement this suggestion in order to dispense with costly errors.
Id. at 1389. Such rule "prevents the State from acting as judge of its own cause on the issue of discoverability." Foster v. State, 493 So.2d 1304, 1308 (Miss. 1986).
There are two sound reasons why any diligent defense counsel will want to see copies of written statements of State's witnesses: first, to determine whether they contain any exculpatory material; and second, to determine if the statements are inconsistent with the trial testimony.
As noted, prior to Brock there was no per se rule requiring the State to produce copies of statements by witnesses prior to trial. If any statement contained exculpatory material, however, the State was obligated to furnish it to the defense. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). If the defense requested material of questionable exculpatory value, then the circuit judge made an in camera examination to determine if the material was exculplatory before requiring release prior to trial. Williams v. State, 544 So.2d 782, 791 (Miss. 1987).
*1203 The rule prior to Brock permitted defense counsel to examine a written statement of a witness testifying for the State during trial to determine if his trial testimony contained inconsistencies with his pre-trial written statement given to the State. Rule 4.06(h) Unif.Crim.R.Cir.Ct. Prac. Williamson v. State, 512 So.2d 868, 882 (Miss. 1987): "... all prior statements of a witness which are materially inconsistent with the testimony given at trial must be released to opposing counsel prior to cross-examination."
The circuit judge may very well have been accurate in observing that our Rule 4.06 decisions have not been hallmarks of clarity or consistency. Yet, when the existence of these statements was called to his attention at trial and defense counsel requested to examine them, at a very minimum it was incumbent upon the circuit judge to require the State to produce them for his inspection and determine if they contained exculpatory material or were inconsistent with the Criddles' trial testimony, and make them part of the appeal record for review. Williams v. State, 544 So.2d 782, 792 (Miss. 1987).
As it is, we have no record, and this Court has no way of knowing if the statements contained exculpatory material or were inconsistent with the Criddles' trial testimony. And the blame for this rests entirely with the prosecution in denying defense an opportunity to make a record. Because we cannot know, we must reverse. Jones v. State, supra; Hitt v. State, supra.

II. INSTRUCTIONS FOR LESSER INCLUDED OFFENSE
Hunt also assigns as error the refusal of the circuit court to grant him a requested instruction authorizing a conviction of simple assault under Miss. Code Ann. § 97-3-7(1). The use of the shotgun, a deadly weapon, precluded Hunt's entitlement to any simple assault instruction. His only defense under the facts of this case would have been that he acted in lawful self defense, and he makes no claim the jury was not properly instructed on this element of his defense.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.