ANDERSON, Justice,
for the Court:
This case involves a criminal appeal from the Circuit Court of Harrison County where Paul Gregory Cousan (Cousan), was tried as an habitual offender and convicted of the sale of 100.9 grams of marijuana. Cousan was sentenced to serve thirty years as an habitual offender in the custody of the Mississippi Department of Corrections pursuant to MCA § 99-19-81 (Supp.1988). Cousan timely appealed and assigned the following issues as error:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO GRANT A CONTINUANCE UPON REQUEST OF NEWLY RETAINED COUNSEL.
II. RULE 4.06 DISCOVERY VIOLATION NECESSITATES A NEW TRIAL.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO COMPEL THE ATTENDANCE OF A MATERIAL WITNESS.
We find that the trial court’s denial of a continuance presents a close-call since Cousan’s new counsel had only one week to prepare for trial; however, we will not disturb the lower court’s ruling on that issue. The State’s violation of Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice presents a more difficult problem, however, and we therefore, reverse and remand the case on that issue.
I.
Wayne Bass (Bass), a Long Beach Police Officer, was working in an undercover capacity during April of 1985. Bass testified that on April 14, 1985, while at an establishment known as Jeno’s Lounge in Gulf-port, MS, he approached Larry Cousan, who was parked across from the lounge in a black and white El Camino. Cousan was a passenger in the car. Bass asked Larry if he would sell him a quarter pound of marijuana. Larry said he could not, but, Cousan told Bass he could obtain the marijuana. Bass agreed to pay $250 for the marijuana and arranged to meet Cousan in the same place at 9:00 p.m. on the following night, April 15.
Bass was wired for the sale of the contraband. At the time of the meeting, Bass spotted Cousan driving the El Camino but he did not stop. Bass waited for Cousan’s return to no avail. The next evening on April 16, at approximately 5:00 p.m., Bass still wired, returned to Jeno’s Lounge, hoping to no avail to locate Cousan. Bass ran into Cousan later that evening, however, in another area of the city. Cousan “flagged” Bass down and asked if he (Bass) still was interested in buying the marijuana to which Bass responded in the positive.
Cousan requested Bass to follow him to an apartment complex. Upon arriving there Cousan instructed Bass to give him the $250 and wait while he (Cousan) obtained the marijuana. Fifteen minutes later Cousan returned and gave Bass a clear plastic bag partially filled with green leafy substances. The Mississippi Crime Lab later verified that the contents of the bag were marijuana, a hundred and nine-tenths grams (approximately a quarter of a pound).
Cousan did not testify at trial in his own defense. He offered, however, the testimony of two witnesses. One witness served as an alibi witness and the other to establish why Cousan was in the area.
II.
In accordance with Rule 4.06 of the Uniform Criminal Rules of Circuit Court Prac *179 tice, counsel for Cousan requested a copy of any recorded statement by Cousan to any law enforcement officer. Since the State failed to adhere to the Rule, counsel did not learn until the middle of the trial that Bass was wired at the time of the alleged sale. Cousan contends that with sufficient notice of the “wire,” he would have demanded production of the tape for possible exculpatory use. The State’s explanation for failing to comply with the Rule is that the tape was useless as the transmittal was “broken up.”
III.
This case presents just another violation of Rule 4.06. The record reveals that in essence Cousan requested “everything” in accordance with the discovery rules. When the State has in its possession an alleged conversation between the defendant and an undercover police officer, it is unquestionable that the tape recording is discoverable. This is so even if the tape is blank or inaudible. Whatever is on the tape, defense counsel is entitled to it for the purpose of establishing exculpatory statements or introducing it as evidence to show that “nothing” was said, which certainly would be exculpatory.
This same issue recently was discussed in Porter v. State, No. 58111, decided on February 15, 1989, not yet reported, and in Brock v. State, 530 So.2d 146 (Miss.1988). In Brock, the Court unanimously held that henceforth Rule 4.06 is amended to comply with the majority opinion in Barnes v. State, 471 So.2d 1218 (Miss.1985), which reads as follows:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test and photograph upon request and without further order the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written or unwritten, recorded or otherwise preserved, of each such mtness; ... [proposed new language in italics].
530 So.2d at 152.
In Barnes, we went on to state that:
This rule would be subject to the further provisions of Rule 4.06 restricting discovery specifically including the provision found in the present rule that the court may deny disclosure authorized by this section if it finds that there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment, resulting from such disclosure, which outweighs any usefulness of the disclosure to defense counsel.
471 So.2d at 1222.
In Porter, supra, again we reiterated our position in Brock, supra, and instructed the Supreme Court Advisory Committee on Rules in the State of Mississippi to prepare for publication the amendment to the pertinent portions of Rule 4.06. In light of Brock and Porter, we hold, therefore, that the State and/or prosecution should turn over to defense counsel, upon request, everything and let the defense decide what is or is not exculpatory. Such a decision is left properly for the defense to decide and not the prosecution or even the trial judge with the exception of the provisions of Rule 4.06 as set out above.
CONCLUSION
In the case sub judice Cousan made a request under Rule 4.06 of which the State failed to comply with by depriving defense counsel of the taped conversation between Officer Bass and Cousan during the alleged sale of drugs. It is for the defense counsel to determine if the tape is useful and not the State, and in this instance, nor the trial judge. We reverse and remand the case, therefore, for proceedings in accordance with this opinion.
We find no merit to the third assignment of error and therefore, will not discuss it.
REVERSED AND REMANDED.
*180 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and BLASS, JJ., concur.
PITTMAN, J., not participating.