801 So.2d 806 (2001)
David Lee HAYES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01131-COA.
Court of Appeals of Mississippi.
December 11, 2001.
*808 Raymond L. Wong, Cleveland, Attorney for Appellant.
Office of the Attorney General, by Deirdre McCrory, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. David Lee Hayes was convicted of one count of felony escape. On appeal he argues that hearsay testimony was improperly allowed, and that there was insufficient evidence or at least that the verdict was against the overwhelming weight of the evidence. We disagree and affirm.

STATEMENT OF FACTS
¶ 2. David Lee Hayes escaped from the Bolivar County correctional facility on May 4, 1999. He had removed a portion of the ceiling in his cell, crawled through the attic, and removed a vent covering at one end of the jail. Hayes was later apprehended by authorities in Ohio and was returned to Bolivar County about three weeks later.
¶ 3. The indictment for felony escape required that the State show that Hayes "was in lawful custody [pursuant] to lawful arrest and process issued under ... the laws of the State of Mississippi by the Municipal Court of Cleveland, Bolivar County, MS having been arrested pursuant to a warrant issued by said Court on a charge of capital rape...."
¶ 4. Hayes was convicted after a one-day trial. His appeal was deflected to this Court.

DISCUSSION

1. Failure to Make a Contemporaneous Objection
¶ 5. Officer Murray Roark of the Bolivar County Sheriff's Department testified that a felony warrant had been issued by the Cleveland Municipal Court for Hayes' arrest. The State had charged and therefore needed to prove that Hayes was legally incarcerated under an arrest warrant when he escaped. Hayes argues that Roark's testimony about the warrant was hearsay. We will under the next issue discuss whether the witness had any personal knowledge of the arrest warrant. For now, we will examine whether a proper objection was made during the following sequence:

*809 State: Investigator Roark, was the Defendant being held in custody on a warrant from the municipal court on felony charges from the Cleveland Police Department at that time?

Roark: Yes.

Defense: Objection, your Honor, as to hearsay.

Court: Approach the bench.
¶ 6. Counsel approached the bench, an off-the-record discussion ensued, and questioning then resumed.

State: Mr. Roark, as an investigator for the Sheriffs Department, did you have any knowledge of persons who were brought into the jail on arrest?

Roark: Yes, I do.

State: And as to David Hayes, do you have any personal knowledge of him having been arrested prior to the time he escaped from the correctional facility?

Roark: Yes, I did.

State: And can you tell us based on that, if you have any personal knowledge, whether or not he was being held on a warrant for municipal court at that time?

Roark: Yes, he was.

Defense: We object, your honor. Discovery violation.

Court: Overruled.

Defense: May we approach the bench for a second, your Honor?
¶ 7. Counsel approached the bench, and the jury was in due course excused from the courtroom.

Court: All right, counsel.

Defense: Your Honor, at this time we would make a motion for discovery violation under 9.04. The State has anticipated trying to use the affidavit and/or warrant concerning Mr. Hayes on a felony charge. That is physical evidence.

Court: Do you mean the felony charge of escape?

Defense: No, sir, felony charge on which he was in custody for.

Court: Well, they haven't mentioned what that is.
. . .

Defense: If they are not going to put in the affidavit and the warrant

Court: You mean on the other charge?

Defense: Yes, sir.

Court: Well, I've already ruled on that. They are not going to.

Defense: Yes, sir. Okay. Then we withdraw our objections.
. . .

State: Mr. Roark, I believe I asked you if you had any personal knowledge whether this Defendant was being held in custody on a warrant from the municipal court on felony charges.

Roark: Yes, I do.

State: And was he being held on felony charges?

Roark: Yes, he was.
¶ 8. There was no ruling on the record on Hayes' original hearsay objection. No request was made to record the bench conference that occurred after the objection was made. "[I]t is the duty of the appellant to see that the record of the trial proceedings wherein error is claim[ed] is brought before this Court." McKnight v. State, 738 So.2d 312, 317 (Miss.Ct.App.1999). It would appear from the questions that followed the unrecorded conference that the State had been told to lay a predicate for the witness's personal knowledge of the warrant. After the State asked additional questions, again it asked about the warrant. Hayes once more objected but did not again allege hearsay. Now a discovery violation was claimed. *810 No issue regarding discovery is made on appeal.
¶ 9. No ruling on the hearsay objection appears on the record. A party's failure to obtain a ruling on an objection prevents our consideration of the alleged error. Taylor v. State, 795 So.2d 512, 519 (Miss.2001). What does appear implies that the court required the State to lay a better predicate concerning the officer's personal knowledge of the warrant. Thus Hayes cannot argue that his first objection was improperly overruled-it may even have been sustained. Then later Hayes argued the different potential defect of a discovery violation. "An objection on one specific ground waives all other grounds." Swington v. State, 742 So.2d 1106, 1110 (Miss.1999). We find no overruled hearsay objection to the admission of this evidence.
¶ 10. The effect of not objecting after an initial uncertain trial court ruling is shown in a precedent in which the State attempted to introduce into evidence the crack cocaine purchased from the defendant. Graves v. State, 767 So.2d 1049, 1054 (Miss.Ct.App.2000). The defendant objected, arguing that a proper chain of custody had not been established. Id. The State informed the court that a previous witness had testified as to a certain link in the chain. The trial court then admitted the crack cocaine as evidence without objection from the defendant. This Court held that because the defendant "failed to voice a new or continuing objection" that the defendant "fail[ed] to preserve his right to appeal this issue." Id. Similarly, Hayes failed to inform the Court that he continued to find a hearsay violation after the State had asked a question that appeared to be in response to the initial bench conference.
¶ 11. To replace the necessary objection at trial, Hayes argues that his raising this assignment of error in his post-trial motion removes the procedural defect. However, even though "certain issues are required to be raised in a motion for new trial, raising objections there which should have been made at trial has never been thought to cure the failure to object at the proper time." Rodgers v. State, 777 So.2d 673, 675 (Miss.Ct.App.2000).
¶ 12. What Hayes had to acquire was a ruling on his hearsay objection. There is no record that the first objection was overruled. Later it appeared he was satisfied with the State's success in removing any hearsay problems with the testimony. No reversible error appears.

2. Plain error
¶ 13. Even if the objection based on hearsay was not properly presented and pursued, Hayes argues the admission of the officer's testimony about the warrant was plain error. We first determine whether the testimony was hearsay.
¶ 14. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801. Roark admitted on cross-examination that he had no part in the preparation of the warrant upon which Hayes was arrested, that he did not take part in the investigation of the crime charged upon which the warrant was predicated, that he did not book Hayes at the correctional facility on the charge, and that he did not see any documents from the municipal court in relation to the charge upon which Hayes was arrested. Instead, he learned of the existence of a warrant from investigators from the Cleveland Police Department. Quite clearly, Roark's statement concerning the existence of the warrant was hearsay. He had no personal *811 knowledge but knew only what he had been told.
¶ 15. Hayes argues that admission of the testimony concerning the warrant is plain error which obviates the necessity of a contemporaneous objection. If errors occur that affect substantial rights of a party, the Court should consider them even though not brought to its attention though proper procedures at trial or on appeal. M.R.E. 103(d).
¶ 16. The plain error rule does not lead to automatic removal of the procedural barriers. "Only an error so fundamental that it generates a miscarriage of justice rises to the level of plain error...." Morgan v. State, 793 So.2d 615, 617 (Miss. 2001). "To determine if plain error has occurred, we look to whether the trial court has deviated from a legal rule, whether that error is plain, clear or obvious, and whether the error has prejudiced the outcome of the trial." Cox v. State, 793 So.2d 591, 597 (Miss.2001).
¶ 17. We cannot find a significant issue regarding whether Hayes was actually legally incarcerated at the time of his escape. Had an objection been sustained to Roark's testimony about the warrant, it is reasonable to assume the State could have readily acquired a witness from the nearby Cleveland municipal authorities to testify and perhaps even present the warrant. Whether we are correct on that assumption or not, we cannot find that this hearsay on the important but technical issue of whether Hayes was incarcerated as a result of an arrest warrant prejudiced the outcome of the trial or affected any of Hayes' fundamental rights.

3. Directed Verdict and Motion for Judgment Notwithstanding the Verdict
¶ 18. Hayes argues the insufficiency of the evidence based on the absence of proof of the warrant. We have already examined the issue as a procedural point. Now we examine it as a sufficiency of evidence matter.
¶ 19. "The standard of review for a denial of directed verdict and JNOV is identical." Williams v. State, 794 So.2d 181, 184 (Miss.2001). "When reviewing the sufficiency of the evidence, this Court looks to all of the evidence before the jurors to determine whether a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty." Williams, 794 So.2d at 184. The indictment charging Hayes with felony escape required the State to prove that Hayes was in the lawful custody of the Sheriff of Bolivar County pursuant to a warrant issued by a municipal court judge and that he escaped from that custody. Investigator Roark testified that Hayes was being held at the Bolivar County correctional facility on a warrant from the municipal court on felony charges. Roark testified that Hayes exited his cell by removing a portion of the ceiling, crawling through the attic, and removing a vent at one end of the building. He also testified that Hayes did not have permission to leave his cell and that Hayes had not been released.
¶ 20. There was a multitude of other evidence proving Hayes' escape. Charles Anderson, chief deputy at the Bolivar County Sheriffs Department, testified that he alerted other law enforcement agencies through a national computer network that Hayes had escaped. Anderson testified that he was notified on either May 12th or 13th that Hayes had been apprehended in Ohio.
¶ 21. The central issue regarding sufficiency is the same point as we have already discussed. To rephrase for this issue, *812 Hayes argues that the only evidence of the existence of an arrest warrant that proves that he had been properly incarcerated was hearsay. That may be, but the testimony about the warrant was admitted without a hearsay objection being made. The testimony was hearsay, but it proved that there was a warrant. By failing to point out a hearsay defect in the State's necessary evidence, a defendant does not create reversible error based on the sufficiency of that evidence. The evidence was defective but the defect was not pointed out to the court. We have found the shortcoming not to be fundamental error. Consequently, this flawed but not unduly prejudicial evidence can be used to prove the element of lawful incarceration.

4. Overwhelming Weight of the Evidence
¶ 22. Hayes appears also to be arguing that he was entitled to a new trial. "As distinguished from a motion for a judgment notwithstanding the verdict, a motion for new trial asks that the jury's guilty verdict be vacated on grounds related to the weight, not the sufficiency, of the evidence presented at trial." Austin v. State, 784 So.2d 186, 196 (Miss.2001). The Court is "to consider all evidence in the light most favorable to the prosecution, accepting all credible evidence consistent with the verdict as true." Austin, 784 So.2d at 196. The Court "will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Id.
¶ 23. Hayes' argument that the verdict was against the overwhelming weight of the evidence assumes that Roark's hearsay statements concerning the municipal warrant should not be considered. For one more time, we declare the contrary. We have already summarized the evidence, and find that the verdict is not contrary to the overwhelming weight of this evidence.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF ESCAPE AND SENTENCE OF FIVE YEARS WITHOUT PAROLE OR PROBATION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.