MYERS, P.J.,
for the Court.
¶ 1. Kevie Cory Davis was convicted by a jury of possession of marijuana and possession of cocaine in the Circuit Court of Sharkey County. Davis was sentenced for his conviction of possession of marijuana to serve three years in the custody of the MDOC and fined $8,000. For his conviction of possession of cocaine, Davis was sentenced to serve twenty-four years and fined $500,000. The sentences in both conviction are ordered to run concurrently. Davis appeals, seeking a determination of whether the trial court erred in (1) denying his request for a continuance; (2) faffing to admit the testimony of certain witnesses; (3) denying his motion for judgment notwithstanding the verdict or, in the alternative, a new trial; and (4) sentencing Davis as a habitual offender. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 25, 2005, Davis was suspected of driving a stolen vehicle. A high-speed chase then ensued along Highway 61 en route between Vicksburg and Rolling Fork, Mississippi. As the officers and deputies attempted to stop the vehicle driven by Davis, occupants of the vehicle were observed throwing packages from the window of the vehicle. Eventually the vehicle was stopped and searched, and the packages discarded from the vehicle were recovered. Marijuana was found in the vehicle, and the ejected packages contained cocaine wrapped in women’s underpants. Davis was indicted on August 8, 2005, for possession of 134.7 grams of marijuana and 13.7 grams of cocaine and subsequently convicted by a jury on these charges. He was sentenced as a habitual offender to the maximum for both offenses, to be served concurrently. Aggrieved by his convictions and sentences, Davis appeals.
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN DENYING THE REQUEST FOR A CONTINUANCE.
¶ 3. Davis argues that the trial court erred in denying his request for a continuance. We review a trial court’s denial of a motion for continuance for an abuse of discretion. Shelton v. State, 853 So.2d 1171, 1181(¶ 35) (Miss.2003). A conviction will not be reversed based on the denial of a motion for a continuance unless the decision resulted in a manifest injustice. Id.
¶ 4. Davis sought a continuance on March 14, 2006, based upon mental and *770 physical injuries he received as a result of a car accident that occurred during the summer of 2005. The trial judge denied his request; however, he provided that if Davis could produce a letter from his physician indicating that, due to his condition, he would be unable to stand trial, then the court might reconsider his motion. On April 6, 2006, Davis again moved for a continuance. Davis attached a letter from his treating physician to his motion indicating that Davis was unable, at the time, to participate in his trial. After a telephonic hearing, Davis’s motion was denied again. The trial court reviewed the physician’s letter on the record and found that the physician’s letter lacked specificity regarding the type of medical condition and course of treatment that would prevent Davis from participating in his trial. Further, the trial judge found that the letter did not address the medical reasoning behind the restrictions imposed. However, the trial judge suggested that the physician appear and testify regarding Davis’s condition. The physician failed to appear, and the motion for a continuance was denied. Trial subsequently went forward, and Davis was convicted.
¶ 5. The record reflects that prior to this denial of Davis’s motion for a continuance, Davis was previously granted a continuance based upon the same set of facts. On this motion for a continuance, Davis was given an opportunity to present evidence of his physical or mental challenges; however, he failed to do so satisfactorily. We note that while the trial judge denied Davis’s motion for a continuance, the trial judge offered to make physical and medical accommodations for him during the trial. Reviewing the record before this Court, we find that the issue was properly considered by the trial judge. We find neither an abuse of discretion in the denial of the motion for a continuance nor any resulting manifest injustice. Thus, this issue is without merit.
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO ADMIT THE TESTIMONY OF CERTAIN WITNESSES.
¶ 6. Davis argues that the trial court abused its discretion when it excluded the testimony of three defense witnesses and, in effect, limited the testimony of one other witness due to Davis’s failure to timely disclose the witnesses to the prosecution. Specifically, on the morning of trial, Davis sought to introduce the testimony of Tammy Foster, James Cubit, Earl Jones (Earl), and Isaac Newel. Foster and Cubit were expected to testify that they overheard Marvin Charles Jones (Jones), the chief witness for the prosecution, state that he falsely told law enforcement officers that the cocaine thrown from the window of the vehicle was Davis’s for the purpose of exonerating himself. Earl was expected to testify that he observed Jones smoking crack just before he was picked up by Davis. Newel was expected to testify that Jones stated to him just before he was picked up by Davis that he had a “cookie on him,” meaning he was in possession of cocaine.
¶ 7. The proffered testimonies of Foster and Cubit were excluded by the trial court as an unfair surprise based upon the defense’s non-disclosure of the witnesses in the witness list. However, the court also noted that the proffered testimonies of Foster and Cubit would be inadmissible as hearsay, as well. The trial court ruled against the admittance of Earl’s testimony, basing its decision upon the late disclosure of Earl as a witness and Earl’s testimony being irrelevant. Newel was allowed to testify; however, the trial court warned that if Newel testified, cross-examination would be permitted regarding Newel’s and *771 Davis’s prior drug-related arrest where they were arrested together.
¶ 8. The State points out that before excluding the testimony of the witnesses, the trial court properly conducted a lengthy, on-the-record determination of the potential prejudice and the probative effect of the exclusion. Thus, the State argues that the trial court did not err in excluding the testimony of the witnesses; otherwise, the State would have been unfairly disadvantaged by last-minute testimony of the defense.
¶ 9. The standard of review for discovery violations is abuse of discretion. The appellate court will affirm the trial court’s decision unless “there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Young v. State, 791 So.2d 875, 878(¶ 9) (Miss.Ct.App.2001) (citing Graves v. State, 767 So.2d 1049, 1051-52(¶ 6) (Miss.Ct.App.2000)). Evidentiary rulings "within the discretion of the trial court and will not be reversed except upon an abuse of discretion. Wimberly v. State, 889 So.2d 553, 559(¶29) (Miss.Ct.App. 2002).
¶10. Under Rule 9.04(A)(1) of the Uniform Rules of Circuit and County Court Practice, prior to trial, the defense is to disclose the “[n]ames and addresses of all witnesses in chief proposed to be offered ... at trial, together with a copy of ... the substance of any oral statement made by any such witness.” The purpose of the discovery guidelines is to avoid trial by unfair surprise or ambush. Wimberly, 839 So.2d at 560(¶ 29). However, should defense witnesses be untimely presented, Rule 9.04(1) provides a three-part test that the trial court is to employ when confronted with such a discovery violation by either the prosecution or defense. The trial court should “[g]rant the [opposing party] a reasonable opportunity to interview the newly discovered witness ...” Id. (quoting URCCC 9.04(I)(1)). In Wimberly, this Court held:
“If after such opportunity, the [opposing party] claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the [opposing party] to meet the non-disclosed evidence or grant a mistrial.”
Id. (quoting URCCC 9.04(I)(2)). In any event, “[t]he court shall not be required to grant either a continuance or mistrial for such a discovery violation if the [opposing party] withdraws its efforts to introduce such evidence.” Id. (quoting URCCC 9.04(I)(3)).
¶ 11. In this case, Davis did not disclose the identity of Foster, Cubit, Earl, and Newel or the expected testimony until the morning of trial, despite the fact that the discovery deadlines had expired a month before trial was scheduled. The State sought exclusion of these witnesses due to the discovery violation. The trial court excluded the testimony. However, the testimony was excluded without performing the three-part test of Rule 9.04(1). URCCC 9.04(1). But, the “Mississippi Supreme Court has held that a violation of Rule 9.04 is considered harmless error unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice.” Gray v. State, 931 So.2d 627, 630(¶ 9) (Miss.Ct.App.2006) (citing Wyatt v. City of Pearl, 876 So.2d 281, 284(¶ 10) (Miss.2004)). Therefore, we turn now to examine whether the exclusion of the witnesses caused a miscarriage of justice.
*772 A. Exclusion of The Testimonies of Defense Witnesses, Tammy Foster and James Cubit
¶ 12. Foster and Cubit were proffered to testify that they “overheard Marvin Charles Jones state to Kevie Davis that he [Jones] told law enforcement that the cocaine belonged to Davis because Chief Williams told him [that his probation] would be revoked if the drugs were his.” The trial court excluded these testimonies based upon the late disclosure of the witnesses in violation of Uniform Rule of Circuit and County Court Practice 9.04 and also on the ground that these potential testimonies would constitute inadmissible hearsay.
¶ 13. Even if Foster and Cubit had been allowed to testify, the substance of their testimonies would amount to impermissible hearsay and would have been excluded on this ground. Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter” and is generally not admissible at trial. M.R.E. 801(c); M.R.E. 802. Foster’s and Cubit’s intended testimonies would have been providing a statement made by Jones to Davis in an attempt to prove the truth of the matter asserted that the drugs were in Jones’s possession, rather than Davis’s. This statement is quite plainly hearsay, and it does not fall within any recognized exception. We find that no miscarriage of justice occurred in the trial court’s exclusion of the testimonies of Foster and Cubit.
B. Exclusion of the Testimony of Defense Witness, Earl Jones
¶ 14. Earl was expected to testify that he observed Jones smoking crack just before he was picked up by Davis on the evening of March 25, 2005. However, during the hearing on the matter, the trial court became aware that Earl’s observation of Jones’s drug use actually occurred earlier that morning, several hours before Jones and Davis were arrested. The trial court excluded Earl’s testimony based upon the late disclosure of Earl as a witness in violation of Rule 9.04, and also on the ground that the anticipated testimony was irrelevant due to the remoteness of time between Earl’s observation of Jones’s use of crack cocaine and the time of Jones’s and Davis’s arrest. URCCC 9.04.
¶ 15. There is nothing in the record that would cause us to overturn the trial court’s decision on this matter. At the hearing, the trial court became aware that several hours had elapsed from the time Earl allegedly witnessed Jones smoke crack cocaine and the evening hours when Jones and Davis were arrested for possession of controlled substances. “The determination of whether evidence is too remote to be relevant is ordinarily left to the discretion of the trial judge, and his decision will not be reversed in the absence of a clear proof of abuse of that discretion.” Stewart v. State, 226 So.2d 911, 912 (Miss. 1969). We cannot find an abuse of discretion in the trial court’s evidentiary ruling that Earl’s testimony, regarding Jones’s use of crack cocaine on the morning of Davis’s arrest, was irrelevant.

C.Exclusion of the Testimony of Defense Witness, Isaac Newell

¶ 16. Newell was anticipated to testify that Jones stated to him just before he was picked up by Davis that he had a “cookie on him,” meaning he was in possession of cocaine. While the trial court noted that this particular statement would be excluded as hearsay, the court stated that it would admit Newell’s testimony. However, the trial court warned that this testimony may open the door to allow cross-examination regarding Newell’s vir *773 tually identical testimony from Davis’s previous trial for possession of controlled substances. In Davis’s previous trial on a separate drug charge, Newell similarly testified that Jones claimed possession of the controlled substances; and Davis was exonerated. As a result of the trial court’s forewarning, the defense chose not to place Newell on the stand at trial and rested its case.
¶ 17. Our review of the record indicates that the defense did not have Newell testify. Because Newell’s testimony was not excluded, we have no decision of the trial court to review. Thus, we find this issue to be without merit.
III. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL.
¶ 18. Davis seeks review of the trial court’s denial of his motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. A motion for a judgment notwithstanding the verdict challenges the legal sufficiency of the evidence presented; while a motion for new trial challenges the weight of the evidence. Dilworth v. State, 909 So.2d 731, 735 n. 4 (¶ 16) (Miss.2005). We address each of the two concepts separately.
A. JNOV
¶ 19. We are to review a trial court’s judgment regarding a motion for JNOV under an abuse of discretion standard. Howell v. State, 860 So.2d 704, 764 (¶212) (Miss.2003). Our supreme court has noted, with regard to challenges based on the sufficiency of the evidence, that “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Dilworth, 909 So.2d at 736(¶ 17) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). More importantly, an appellate court must ask “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If the evidence was sufficient to establish guilt beyond a reasonable doubt and support a guilty verdict, the denial of the motion for JNOV is to be affirmed. Dilworth, 909 So.2d at 736(¶ 17).
¶ 20. To convict Davis for the possession, the State had to prove beyond a reasonable doubt that Davis knowingly or intentionally possessed a controlled substance. Miss.Code Ann. § 41-29-139 (Rev.2005). At trial, both Officer Willie “Bud” Bethley, with the Sharkey County Sheriffs Department, and Mississippi Bureau of Narcotics Agent Norman Harris testified that upon Davis’s arrest, they found substances appearing to be marijuana and cocaine in the vehicle driven by Davis and in a package that was thrown out of the window of that vehicle during the high-speed chase leading to Davis’s arrest. Chancey Bass with the Mississippi Crime Laboratory testified that the substances found were, in fact, 134.7 grams of marijuana and 13.7 grams of cocaine. Jones, a witness for the State, testified that Davis was in possession of the cocaine; and he witnessed Davis eject the package of cocaine out of the window during the police chase. Jones also testified that Davis was in possession of the pack *774 age of marijuana that was found in the vehicle.
¶ 21. Davis argues that Jones’s testimony should not be considered as supportive of the verdict based upon Jones’s status as a previously convicted felon. However, we note that the jury sits as the fact-finder and determines the credibility of the witnesses against the accused. Ward v. State, 881 So.2d 316, 323(¶ 31) (Miss.Ct.App.2004). Thus, we consider Jones’s testimony in our review of whether the verdict was supported by sufficient evidence.
¶ 22. In this case, the jury considered the evidence and returned a verdict against Davis. In viewing the evidence in the light most favorable to the verdict, we find that the evidence submitted to the jury was sufficient to support Davis’s guilty verdict of possession of a controlled substance. Therefore, we affirm the trial court’s denial of Davis’s motion for JNOV.
B. New Trial
¶ 23. We are to review the denial of a motion for a new trial under an abuse of discretion standard. Dilworth, 909 So.2d at 737(1120). We view the evidence in the light most favorable to the verdict and will only grant a new trial in exceptional cases where the evidence preponderates heavily against the verdict. Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). “A greater quantum of evidence favoring the State is necessary for the State to withstand a motion for a new trial, as distinguished from a motion for J.N.O.V.” Dilworth, 909 So.2d at 737(¶ 20) (quoting Pharr v. State, 465 So.2d 294, 302 (Miss.1984)). The verdict will stand unless an unconstitutional injustice would result. Bush, 895 So.2d at 844(¶ 18).
¶ 24. Viewing the evidence against Davis in the light most favorable to the State, we do not find that a new trial was warranted in this case. The weight of the evidence supports the State’s claim that Davis was in possession of the marijuana found in the vehicle driven by him, as well as in possession of the cocaine before the package was thrown from the vehicle. While Davis argues that Earl’s testimony should not have been considered because of his past criminal record, we again note that the jury is the sole judge of the credibility of the witnesses against the accused. Harris v. State, 970 So.2d 151, 157(¶ 23) (Miss.2007). We affirm the denial of Davis’s motion for a new trial.
IV. WHETHER THE TRIAL COURT ERRED IN SENTENCING DAVIS AS A HABITUAL OFFENDER.
¶ 25. Davis appeals his sentence as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007), challenging the documentation submitted by the State and accepted by the trial court as proof of his habitual offender status. Davis argues that he should not have been sentenced as a habitual offender because his prior offenses were not proved by competent evidence.
¶ 26. “The most common method of demonstrating prior convictions for enhancement purposes is by introducing original or certified copies of commitment papers.” Frazier v. State, 907 So.2d 985, 991(¶ 16) (Miss.Ct.App.2005). While habitual status is best proven by introducing the judgment of conviction, our supreme court has held that other evidence can show habitual status, as well. Stringer v. State, 500 So.2d 928, 942 (Miss.1986).
¶ 27. In this case, at the sentencing hearing, the State presented certified documentation of Davis’s two prior convictions in Tennessee for auto theft. The trial court accepted the documentation as evidence of two prior convictions, and the *775 certified convictions were later introduced into the record as exhibits. We can find no error in the decision of the trial court to accept the certified documentation as proof of Davis’s previous convictions. Thus, we find this issue to be without merit.
CONCLUSION
¶28. For the foregoing reasons, the trial court did not err in denying Davis’s request for a continuance, failing to admit the testimony of certain witnesses, denying his motion for judgment notwithstanding the verdict or, in the alternative, a new trial, and sentencing Davis as a habitual offender. Finding no error, we affirm.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF SHARKEY COUNTY OF CONVICTION OF COUNT I — POSSESSION OF MARIJUANA MORE THAN 30 GRAMS BUT LESS THAN 250 GRAMS AND SENTENCE OF THREE YEARS AND A FINE OF $3,000; COUNT II — CONVICTION OF POSSESSION OF COCAINE MORE THAN 10 GRAMS BUT LESS THAN 30 GRAMS AND SENTENCE OF TWENTY-FOUR YEARS AND FINE OF $500,000, AS A HABITUAL OFFENDER WITH THE SENTENCES TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SHAR-KEY COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.