KING, C.J.,
for the Court: •
¶ 1. Elijah Bennett Dowdle was convicted in the Circuit Court of Lowndes County of possession of less than one gram of cocaine. He was sentenced as a habitual offender and as a repeat drug offender to eight years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a $20,000 fine. Aggrieved, Dowdle appeals, raising one issue: whether the trial court erred by denying his motion for a new trial. Finding no error, we affirm Dowdle’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
¶ 2. The crime occurred on July 20, 2007, in Caledonia, Mississippi, in Lowndes County. Dowdle and Pat Logan, a friend and motorcycle shop owner, often traded motorcycles and other vehicles. On this day, Logan wanted Dowdle to purchase a used Honda automobile for him from Raymond Earl Smith (Earl), a used car salesman. Dowdle purchased the car from Earl. Because the car did not have a license plate, Dowdle took the license plate off of his truck and put it on the car before driving it to Logan’s shop.
¶ 3. Dowdle did not get very far before he was' pulled over by Lowndes County Deputy Chris Smith for having a broken headlight. Deputy Smith testified that when he approached the car, Dowdle appeared to be nervous, would not make eye contact with him, and kept looking at the passenger seat. Fearing that Dowdle may have a weapon in the passenger seat, Deputy Smith asked Dowdle to step out of the car. Deputy Smith testified that he checked Dowdle’s driver’s license and license plate. The search revealed that Dowdle’s driver’s license had been suspended and that the license plate was not registered to that car. Deputy Smith asked Dowdle whether there were any drugs or weapons in the car, and Dowdle told Deputy Smith that there were drugs underneath a hat on the passenger’s seat. Deputy Smith checked the car and found a rock-like substance underneath the hat, which was later analyzed by the Mississippi Crime Laboratory and determined to be 0.05 gram of cocaine. Deputy Smith also found a soda can, which appeared to be used as drug paraphernalia. Deputy Smith testified that Dowdle did not appear to be under the influence, and the soda can was not hot. Based upon his findings, Deputy Smith arrested Dowdle.
¶4. Dowdle was indicted as a habitual offender for possession of less than one gram of cocaine. The indictment also sought an enhanced penalty based on Dowdle’s prior drug-related offense. Dowdle was previously convicted on April 6, 1979, in the Clay County Circuit Court of grand larceny and sentenced to three years in the custody of the MDOC. Dowdle was also previously convicted on April 11, 1989, in the Clay County Circuit Court of possession of marijuana with intent to distribute and sentenced to three years in the custody of the MDOC.
¶ 5. At the trial, Dowdle testified that' the hat must have been in the .passenger’s seat before he got into the car. Dowdle stated that he did not notice the hat until he was stopped by Deputy Smith. Dowdle testified that he picked up the hat and saw the drugs sitting on the seat. On cross-examination, Dowdle was questioned about a prior inconsistent statement that he made to the police when he said: “Earl took his hat off and threw it in the seat and told me to have it, because I earned it.” Dowdle identified his initials on the statement, but he testified that the statement was incorrect. Dowdle also admitted that he had previously been convicted of *34 perjury, which occurred on April 17, 2003, in the Clay County Circuit Court.
¶ 6. Earl testified that he keeps his used cars in an open field and that the cars are typically unlocked. However, Earl maintained that he cleans all of the cars before providing them to the purchasers, so there should not have'been anything left in the car that he sold to Dowdle. Earl also testified that he did not give Dowdle a hat, and the hat found in the car did not belong to him.
¶ 7. A Lowndes County jury convicted Dowdle of the crime. He was sentenced as a habitual offender and as a repeat drug offender to eight years in the custody of the MDOC and ordered to pay a $20,000 fine. Thereafter, Dowdle filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The trial court denied the motions. Aggrieved, Dowdle timely filed his notice of appeal.
ANALYSIS
¶ 8. Dowdle argues that the verdict was against the overwhelming weight of the evidence. However, his argument also attacks whether the State proved that he intentionally and knowingly possessed cocaine, which is an element of the crime. The legal sufficiency of the evidence and the weight of the evidence are separate issues; thus, we will address them as such.
I. Legal Sufficiency
¶ 9. A motion for a directed verdict or a motion for a JNOV challenges the legal sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). All of the credible evidence consistent with the defendant’s guilt must be viewed in the light most favorable to the State. Id. at (¶ 17). We will not disturb the trial court’s ruling if “the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Id. at (¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Thus, the Court must determine “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond- a reasonable doubt.” Id. (citation omitted).
¶ 10. Dowdle was charged with possession of less than one gram of cocaine under Mississippi Code Annotated section 41-29-139 (Rev.2009), which makes it unlawful for a person intentionally or knowingly to possess a controlled substance. Dowdle argues that the evidence did not support a finding that he knowingly or intentionally possessed the cocaine. Dowdle maintains that the car was unlocked and sitting in an open field where anyone could have access to the car, suggesting that someone else put the cocaine in the car. Conversely, the State argues that the evidence supports a finding that Dowdle had constructive possession of the cocaine.
¶ 11. “Constructive possession may be established where the evidence, considered under the totality of the circumstances, shows that the defendant ‘conscientiously exercised control over the contraband.’ ” Ealey v. State, 967 So.2d 685, 689 (¶ 11) (Miss.Ct.App.2007) (quoting Dixon v. State, 953 So.2d 1108, 1112 (¶ 9) (Miss.2007)). The defendant’s proximity to the drugs is a factor in establishing constructive possession, but it is not determinative. Id. (citing Curry v. State, 249 So.2d 414, 416 (Miss.1971)). Other incriminating circumstances must be present to establish constructive possession. Id.
*35 ¶ 12. In this case, the evidence established that the cocaine was underneath a hat on the passenger’s seat of the car that Dowdle was driving. Deputy Smith testified that Dowdle kept looking at the hat and acting nervous. When Deputy Smith asked Dowdle if there were any drugs or weapons in the car, Dowdle stated that there was cocaine underneath the hat. Dowdle testified that he did not notice the hat on the seat until he was stopped by Deputy Smith, and he picked up the hat and saw the drugs on the seat before Deputy Smith approached the car. However, Earl testified that he had cleaned out the car before selling it to Dowdle and that there should not have been anything left in the car.
¶ 13. Viewing the evidence in the light most favorable to the State, we find that there is sufficient evidence to convict Dow-dle of having constructive possession of the cocaine; any rational juror could have found that the State proved all of the elements of the offense beyond a reasonable doubt. This argument is without merit.
II. Weight of the Evidence
¶ 14. A motion for a new trial challenges the weight of the evidence. Bush, 895 So.2d at 844 (¶ 12). This Court will not disturb the trial court’s denial of a motion for a new trial unless “[the verdict] is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id.
¶ 15. Again, Dowdle argues that the cocaine did not belong to him, suggesting that someone else put the cocaine in the car. Dowdle also contends that the evidence does not support his conviction because he was cooperative with the police; the drug paraphernalia found in the car was not hot; and he was not under the influence when he was stopped by Deputy Smith.
¶ 16. Dowdle’s arguments go to the weight and credibility of the evidence. It is within the jury’s province to determine the weight and credibility to give to the evidence and to resolve all conflicts in the evidence. Davis v. State, 995 So.2d 767, 774 (¶ 22) (Miss.Ct.App.2008). The jury heard Dowdle’s version of the events; the jury also had the State’s evidence to consider. Through the State’s evidence, the jury learned that Dowdle gave a prior inconsistent statement to the police regarding the hat. During the trial, Dowdle testified that he did not see the hat until he was stopped by Deputy Smith. However, in his statement to the police, Dowdle said that Earl had given him the hat. Earl testified that he did not give Dowdle a hat and that he had cleaned out the car before selling it to Dowdle. The jury also learned that Dowdle had previously been convicted of perjury.
¶ 17. Based on the verdict, the jury resolved any conflicts in the evidence in favor of Dowdle’s conviction. We find that the weight of the evidence supports the verdict. Accordingly, we will not disturb the judgment of conviction. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF POSSESSION OF LESS THAN ONE GRAM OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE, AND TO PAY A $20,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
*36 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.